# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V.  § | CRIMINAL NO. 4:24-cr-00445 |
| § | |
| TODD McCOY § | |

### GOVERNMENT'S NOTICE OF CHARACTER EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b) AND 609

TO THE HONORABLE JUDGE ESKRIDGE:

COMES NOW, the United States of America, by and through Nicholas Ganjei, United States Attorney in and for the Southern District of Texas, and the undersigned Assistant United States Attorney, Hunter Brown, and hereby gives notice of its intention to introduce the hereinafter described evidence pursuant to Federal Rules of Evidence 404(b) in its case in chief or otherwise, in the trial of the above styled case for all purposes permitted by said rules and specifically as proof of motive, opportunity, intent, preparation, plan, knowledge, identity and absence of mistake or accident. Should the Defendant elect to testify at trial, the United States will seek to elicit testimony concerning the Defendant's prior convictions for impeachment purposes under Rule 609 of the Federal Rules of Evidence where applicable.

I.

The potential evidence is described as follows:

1. That the Defendant, Todd McCoy, on or about March 24, 2010, committed the offense of Possession of Marijuana and was subsequently convicted on July 1, 2010 in Cause Number 1669095 in County Criminal Court No. 2 of Harris County, Texas and

sentenced to 3 days confinement in the Harris County Jail. This may be offered under Rule 404(b) to prove motive, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident in the case in chief. This evidence may also become relevant under Rule 609.

2. That the Defendant, Todd McCoy, on or about May 16, 2012, committed the offense of Possession of Marijuana and was subsequently convicted on July 20, 2012 in Cause Number 1828122 in County Criminal Court No. 8 of Harris County, Texas and sentenced to 60 days confinement in the Harris County Jail. This may be offered under Rule 404(b) to prove motive, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident in the case in chief. This evidence may also become relevant under Rule 609.

3. That the Defendant, Todd McCoy, on or about December 29, 2011 committed the felony offense of Possession of Controlled Substance 1-4 grams and was subsequently convicted on May 7, 2013 in Cause Number 1331683 in the 209th District Court of Harris County, Texas. He was sentenced to 3 years confinement in the Texas Department of Criminal Justice. This may be offered under Rule 404(b) to prove motive, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident in the case in chief. This evidence may also become relevant under Rule 609.

4. That the Defendant, Todd McCoy, on or about June 11, 2015 committed the felony offense of theft of property greater than $1,500 and was subsequently convicted on June 6, 2016 in Cause Number F15-23139 in the 252nd District Court of Jefferson County, Texas and was sentenced to 6 month confinement in the Texas Department of Criminal Justice. This may be offered under Rule 404(b) to prove motive, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident in the case in chief. This evidence may also become relevant under Rule 609.

5. That the Defendant, Todd McCoy, on or about March 28, 2016 committed the offense of Evading Arrest or Detention with a Motor Vehicle and was subsequently convicted on April 1, 2016 in Cause Number 1504301 in the176th District Court of Harris County, Texas and sentenced to 2 years confinement in the Texas Department of Criminal Justice. This may be offered under Rule 404(b) to prove motive, intent,

preparation, plan, knowledge, identity, absence of mistake, or lack of accident in the case in chief. This evidence may also become relevant under Rule 609.

6. That the Defendant, Todd McCoy, on or about March 28, 2016 committed the offense of Felon in Possession of a Weapon and was subsequently convicted on April 1, 2016 in Cause Number 1504302 in the 176th District Court of Harris County, Texas and sentenced to 2 years confinement in the Texas Department of Criminal Justice. This may be offered under Rule 404(b) to prove motive, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident in the case in chief. This evidence may also become relevant under Rule 609.

7. That the Defendant, Todd McCoy, on or about March 21, 2017 committed the felony offense of Possession with Intent to Deliver a Controlled Subtance less than 1 gramo and was subsequently convicted on February 22, 2018 in Cause Number 1544983 in the 262nd District Court of Harris County, Texas. He was sentenced to 10 months confinement in the Texas Department of Criminal Justice. This may be offered under Rule 404(b) to prove motive, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident in the case in chief. This evidence may also become relevant under Rule 609.

8. That the Defendant, Todd McCoy, on or about December 2, 2023 committed the felony offense of uttering a false statement to obtain credit over $30,000 in Cause Number 18646453 in the 338th District Court of Harris County, Texas. The charges were subsequently dismissed based on Defendant being in federal custody for the case at bar. This may be offered under Rule 404(b) to prove motive, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident in the case in chief. This evidence may also become relevant under Rule 609.

9. That the Defendant, Todd McCoy, on or about December 12, 2023 committed the felony offense of possessing a firearm after being convicted of a felony in Harris County, Texas. This may be offered under Rule 404(b) to prove motive, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident in the case in chief. This evidence may also become relevant under Rule 609.

10. That the Defendant, Todd McCoy, on or about December 27, 2023 committed the

felony offense of possessing a firearm after being convicted of a felony in Harris County, Texas. This may be offered under Rule 404(b) to prove motive, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident in the case in chief. This evidence may also become relevant under Rule 609.

11. That the Defendant, Todd McCoy, on or about January 25, 2024 committed the felony offense of possessing a firearm after being convicted of a felony in Harris County, Texas. This may be offered under Rule 404(b) to prove motive, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident in the case in chief. This evidence may also become relevant under Rule 609.

12. That the Defendant, Todd McCoy, is known in the community and has a reputation for carrying a firearm on or about his person. This evidence may become relevant under Rules 404(a), 404(b) and Rule 405 if it becomes relevant during the government's case in chief or as rebuttal to Defendant's offer of evidence of a pertinent character trait.

13. That the Defendant, Todd McCoy, is known in the community and has a reputation for being affiliated with the "Crips" criminal street gang. This evidence may become relevant under Rules 404(a), 404(b) and Rule 405 if it becomes relevant during the government's case in chief or as rebuttal to Defendant's offer of evidence of a pertinent character trait.

II.

Evidence of extrinsic prior crimes or bad acts is admissible if, as required by Federal Rule of Evidence 404(b), (1) the evidence is relevant to an issue other than the defendant's character, and (2) its probative value is not substantially outweighed by its prejudicial impact. *See United States v. Beechum*, 582 F.2d 898 (5th Cir.1978). District court decisions to admit evidence of prior bad acts under Rule 404(b) are reviewed under a heightened abuse of discretion standard. *See United States v. Mitchell*, 484 F.3d 762, 774 (5th Cir. 2007).

Under Rule 404(b), prior bad acts introduced to prove knowledge or intent are admissible as long as the probative value of the prior convictions exceeds their prejudicial effect. *See United States v. Gonzalez-Lira*, 936 F.2d 184, 189 (5th Cir. 1991) (citing *Beechum*, 582 F.2d at 911). In *United States v. Beechum*, the Fifth Circuit outlined a two-step test to determine the admissibility of evidence of a defendant's prior wrongful acts. *See* 582 F.2d 898, 910 (5th Cir. 1978). "Under *Beechum*, evidence of extrinsic offenses is admissible if it is (1) relevant to an issue other than the defendant's character, and (2) the incremental probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to the defendant." *United States v. Peters*, 283 F.3d 300, 312 (5th Cir. 2002), *cert. denied*, 536 U.S. 934 (2002) (emphasis added). The test set forth by the *Beechum* court is one that favors inclusion, rather than exclusion. The only exception to this general rule of inclusion is where the sole purpose of the evidence is to prove disposition. *See United States v. Shaw*, 701 F.2d 367, 386 (5th Cir. 1983), *cert. denied*, 465 U.S. 1067 (1984). Additionally, the district court may easily minimize any prejudicial effect by instructing the jury that it can only consider the bad acts for the limited purpose of intent, knowledge and/or motive. When courts take those two steps, the Fifth Circuit has consistently found no abuse of discretion. *See United States v. Cockrell*, 587 F.3d 674, 680 (5th Cir. 2009) (citing *Beechum*, 582 F.2d at 917; *United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir. 1996)).

A district court applying the *Beechum* test should admit evidence of a defendant's prior misconduct of a drug-related offense when that arrest or conviction shows intent, knowledge, and/or motive. Where a defendant enters a not guilty plea in a conspiracy case, the first prong of the *Beechum* test is satisfied. *See Cockrell*, 587 F.3d at 679 (citing *Broussard*, 80 F.3d at 1040). "'The mere entry of a not guilty plea in a conspiracy case raises the issue of intent sufficiently to

5

justify the admissibility of extrinsic offense evidence.'" *Id*. (quoting *Broussard*, 80 F.3d at 1040) (citing *United States v. Parziale*, 947 F.2d 123, 129 (5th Cir. 1991), *cert. denied*, 503 U.S. 946 (1992)). Thus, where the prior offense involved the same intent required to prove the charged offense, that prior offense is relevant and the Court should proceed to the second prong under *Beechum*. *See id*. Furthermore, in drug offense cases, courts frequently find extrinsic drug offense evidence admissible. *See Broussard*, 80 F.3d at 1040 (holding that Broussard's prior felony possession of marijuana was "similarly highly probative of her knowledge of the drug conspiracy and her intent to participate" in a cocaine conspiracy) (citing *United States v. Bermea*, 30 F.3d 1539, 1551 (5th Cir. 1994), *cert. denied*, 513 U.S. 1156 (1995); *United States v. Harris*, 932 F.2d 1529, 1534 (5th Cir.), *cert. denied*, 502 U.S. 897 (1991) (holding that proof of prior drug activities is more probative than prejudicial)). Evidence of past drug transactions can be used to establish criminal intent. *See United States v. Misher*, 99 F.3d 664, 670 (5th Cir. 1996) (citing *United States v. Wilwright*, 56 F.3d 586, 589 (5th Cir.), *cert. denied*, 56 F.3d 586 (1995) (recognizing that it is "settled in this Circuit that Rule 404(b) allows the admission of other crime evidence when a defendant places his intent at issue in a drug conspiracy case"). In order to qualify as prior conduct under 404(b), there is no requirement that the prior bad act result in conviction or that even formal charges be filed. *See United States v. Williams*, 299 F.3d. App'x 324, 326-27 (5th Cir. 2008); *Gonzalez-Lira*, 936 F.2d at 189.

While the prior convictions pose some threat of prejudice, the rule 403 balancing test requires exclusion only where the court believes there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that such risk is disproportionate to the probative value of the offered evidence. *See Cockrell*, 587 F.3d at 679 (citing *Beechum*, 582 F.2d at 915 n.

20). A bald assertion that the probative value of the extrinsic evidence is substantially outweighed by its prejudicial effect does not show an abuse of discretion. *See id*.

Finally, although the remoteness of the extrinsic act may weaken its probative value, the age of the prior conviction or arrest does not bar its use under Rule 404. *See id*. at 680 (citing *Broussard*, 80 F.3d at 1040) ("finding no prejudice from admission of prior conviction that was more than 10 years before the charged offense); *United States v. Chavez*, 119 F.3d 342, 346 (5th Cir. 1997) (finding no abuse of discretion in the admission of a 15-year old conviction")).

Therefore, to the extent that the Defendant has placed his knowledge and intent at issue by pleading not guilty, or will potentially further place put his motive, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident at issue by testifying to matters pertaining to such issues, the government should be permitted to introduce extrinsic evidence for the purpose of establishing probative evidence related to these issues in the instant matter. Accordingly, based on the authority cited above, the Government respectfully requests that the Court authorize the admission of the defendant's prior convictions and bad acts.

WHEREFORE, PREMISES CONSIDERED, the Government hereby notices the Court and the Defendant of its intention to introduce evidence against the Defendant pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence as described above.

    Respectfully submitted,

    Nicholas J. Ganjei
    United States Attorney, Southern District of Texas

    By:   *s/ B. Hunter Brown*
           B. Hunter Brown
           Assistant United States Attorney
           713-567-9000
           Benjamin.Brown@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Assistant U.S. Attorney B. Hunter Brown, certify that on November 20, 2025, a copy of the above was served electronically on counsel for the defendant.

*s/ B. Hunter Brown*
B. Hunter Brown
Assistant United States Attorney
