IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA

v.                                                    NO: 4:24CR445

TODD MCCOY

## MOTION TO DISMISS BASED ON SPEEDY TRIAL VIOLATION

Comes now Todd McCoy, Defendant, and respectfully requests that this Court dismiss the Indictment for speedy trial violation and would show the following in support.

Defendant invokes his Sixth Amendment right to a speedy trial. He has been detained in continuous federal custody since September 9, 2024, and this sixteen-month delay is long enough to require the full analysis required under *Barker v. Wingo*, 407 U.S. 514 (1972). The *Barker* factors are well established: the length of the delay, the reason for the delay, the defendant's assertion of the right, and the prejudice resulting from the delay. *Id.* at 530. The Fifth Circuit has repeatedly held that year long delays or more are presumptively sufficient to trigger the *Barker* framework. *United States v. Frye*, 489 F.3d 201, 210 (5th Cir. 2007).

The length of delay weighs in favor of examining the constitutional implications of continued detention. While this is not one of the most extreme delays seen in federal courts, it is a meaningful period for a detained defendant, and it places real

strain on the fairness and efficiency of the proceedings.

The reasons for the delay are mixed. After undersigned counsel was appointed in January 2025, the Court granted continuances to allow adequate time for preparation, review of discovery, and discussions with the government regarding possible resolution. The most recent continuance arose from counsel's family emergency shortly before a scheduled pretrial setting. Although these continuances originated with the defense, Defendant has never waived his constitutional right to a speedy trial. Under *Barker*, different reasons for delay carry different weight, and while there is no indication of intentional delay by the United States, the overall passage of time still affects Defendant's liberty and must be considered.

The Supreme Court has made clear that waiver of a constitutional right cannot be presumed from silence or inaction. *Barker* reaffirmed that waiver requires an "intentional relinquishment or abandonment of a known right." *Barker*, 407 U.S. at 525 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). Defendant has never intentionally relinquished his Sixth Amendment protection. The right does not depend on repeated demands, and the defendant is not penalized for relying on appointed counsel's preparation or navigating the normal course of pretrial procedure. Once raised, the Court must weigh the assertion of the right against the reasons for delay and the resulting prejudice.

Prejudice is evaluated by considering oppressive pretrial incarceration,

anxiety, and whether the delay harms the defense. Defendant has been incarcerated since September 2024, and continued detention of this length carries its own burden. The uncertainty surrounding trial and the length of confinement contribute to the anxiety recognized by the Supreme Court as legitimate prejudice. See *Doggett v. United States*, 505 U.S. 647, 654 (1992). Impairment of the defense is the most serious form of prejudice, but it is often the most difficult to identify before trial. Memories may fade, witnesses may become harder to locate, and information can be lost over time. These risks exist here and should be weighed accordingly.

Considering the Barker factors together, Defendant asks the Court to find that his Sixth Amendment right to a speedy trial has been violated and dismisses the indictment. If the Court declines to dismiss, Defendant requests that the Court issue findings on each factor so the record accurately reflects the required analysis.

Respectfully submitted,

*/s/ Raymundo J. Vazquez*
Raymundo J. Vazquez
State Bar of Texas: 24094996
Federal Bar: 2600981
1620 S. Friendswood Dr.
Suite 288A
Friendswood, TX 77546
(832) 343-8023

*Attorney for Defendant*

CERTIFICATE OF SERVICE

    I, Raymundo J. Vazquez, certify that a true and correct copy was delivered to the Government's Counsel via email on February 5, 2026.

                                        */s/ Raymundo J. Vazquez*
                                        Raymundo J. Vazquez


CERTIFICATE OF CONFERENCE

    I, Raymundo J. Vazquez, have conferred with counsel for the Government and he is OPPOSED to this motion.

                                        */s/ Raymundo J. Vazquez*
                                        Raymundo J. Vazquez

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA

v.                                                                  NO: 4:24CR445

TODD MCCOY

## ORDER ON DEFENDANT'S MOTION TO DISMISS

On this date Defendant Todd McCoy's Motion to Dismiss the Indictment came to be considered due to Speedy Trial Violation. After having reviewed the Motion, the motion is hereby,

_____ GRANTED;

_____ DENIED, the Court will enter an opinion addressing the factors;

_____ The Court will address this motion at the Pretrial Conference.

So ORDERED on this the \_\_\_\_\_ day of _____, 2026.

_____
David Hittner
United States District Judge